900 P.2d 1233

James J. MARTINEZ,
Petitioner/Appellant,

v.

**ARIZONA DEPARTMENT OF TRANS-PORTATION, Motor Vehicle Division; Tom Schmidt, Director, Respondent/Appellee.**

No. 2 CA–CV 95–0180.

Court of Appeals of Arizona,
Division 2, Department A.

Aug. 8, 1995.

Patrick E. Eldridge, Phoenix, for petitioner/appellant.

Grant Woods, Atty. Gen. by Peter C. Gulatto, Phoenix, for respondent/appellee.

*OPINION*

LIVERMORE, Presiding Judge.

Defendant was involved in an automobile accident and because of the strong odor of alcohol was suspected of DUI. At the hospital a police officer requested that defendant consent to a blood test and explained the consequences of a refusal. Defendant initially refused until he consulted with an attorney but then declined to call an attorney. Blood was then drawn for medical purposes and some of that blood was given to the officer. Defendant then again refused to submit to a blood test. These refusals led to the suspension of his license under A.R.S. § 28–691. Defendant contends that because he knew the officers had blood, his license should not be suspended. We disagree and affirm the trial court's denial of relief in the special action review of administrative action.

Essentially defendant's argument appears to be that he is excused from the obligation

---

* Retired Judge Melvyn T. Shelley was authorized to participate in this appeal by order of the Chief Justice of the Arizona Supreme Court pursuant to Ariz. Const. art. VI, section 20 and A.R.S. § 38–813 (1985).

to submit consensually to a blood test once he knows officers have obtained blood non-consensually. The statutes do not so provide. A.R.S. § 28–691(B) requires one arrested for DUI to consent and provides for a twelve-month license suspension if consent is not given. Section 28–691(D) then provides that after refusal no test will be given except pursuant to search warrant or if blood is drawn for medical purposes and some is then furnished to officers under the authority of § 28–692(J). It was under the latter provisions that officers obtained blood in this case. Inherent in the statutory scheme is the recognition that blood may be obtained either consensually or non-consensually. Nothing suggests that obtaining blood non-consensually excuses the failure to consent. The statute states that refusal to consent to a required test leads to license suspension. We will not engraft on that statutory mandate an exception for those circumstances where the test may not be necessary to prove guilt. See *Schade v. Department of Transportation*, 175 Ariz. 460, 857 P.2d 1314 (App.1993).

Affirmed.

FERNANDEZ and PELANDER, JJ., concur.